IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

R&D FILM 1, LLC,

                    Plaintiff

        v.

DOES 1-45

                    Defendants.

Case No. 13-CV-0051-RSL

JURY TRIAL DEMANDED

Noted: April 26, 2013

**MOTION TO QUASH OR MODIFY SUBPOENA**

COMES NOW, Defendant John Doe having I.P. Address 174.21.238.117 (herein referred to as "Doe 174.21.238.117"), by and through undersigned counsel, and moves this Honorable Court to quash the subpoena directed at CenturyLink, Inc. ("CenturyLink") seeking disclosure of Defendant's personally identifying information. This Court should grant the relief requested for the reasons set forth below.

## I.       BACKGROUND

Plaintiff R&D FILM 1, LLC filed its Complaint in the District Court for the

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

Western District of Washington alleging that several "John Does" violated R&D FILM's purported copyright to a movie entitled "THE DIVIDE" ("the Video"). The Video appears to be a low-budget knock-off science fiction movie. This Court granted early discovery to allow Plaintiff to seek personally identifiable information about a number of accused defendants. R&D FILM used an Internet Protocol (IP) address to identify each defendant; movant was identified by IP address 174.21.238.117.

Pursuant to this Court's order, Plaintiff has served CenturyLink, Inc. with a subpoena requesting the personally identifiable information for a number of individuals associated with IP addresses under CenturyLink's control. CenturyLink informed Doe 174.21.238.117 of the obligation to move to quash the subpoena or CenturyLink would reveal Doe's personally identifiable information. This motion ensued.

R&D FILM's Complaint is ostensibly about the protection of its copyright to the Video, however this litigation is just one of countless actions brought by R&D FILM and similar plaintiffs alleging copyright infringement for the purpose of strong-arming settlements against unsuspecting defendants. For example, each of the following cases were all brought on the same day (January 8, 2013) in this very Court by the same plaintiff alleging copyright violations of the same work:

R & D Film 1 LLC v. Does 1-46 (Case No. 2:13-cv-00050)
R & D Film 1 LLC v. Does 1-45 (Case No. 2:13-cv-00051)
R & D Film 1 LLC v. Does 1-41 (Case No. 2:13-cv-00052)

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

R & D Film 1 LLC v. Does 1-22 (Case No. 2:13-cv-00053)

R & D Film 1 LLC v. Does 1-51 (Case No. 2:13-cv-00054)

R & D Film 1 LLC v. Does 1-50 (Case No. 2:13-cv-00055)

R & D Film 1 LLC v. Does 1-44 (Case No. 2:13-cv-00056)

R & D Film 1 LLC v. Does 1-16 (Case No. 2:13-cv-00057)

Despite these similarities, Plaintiff did not identify any of these other cases as related to the instant action.

Very few, if any, actions of this type have ever been brought to trial, which is a significant fact. It evidences the real purpose of these suits: not to enforce copyrights, but to bully defendants, such as Doe 174.21.238.117, into financial payments or risk being publicly accused of illegally downloading copyrighted material. The true purpose of Plaintiff's business model is also revealed by the statements of Plaintiff's counsel made to the local media:

> "*It would probably be more expensive to go ahead and fight this rather than take a nominal settlement and just make this go away,*"
> Richard Symmes, Komo News, March 1, 2013.

It is becoming more and more difficult to believe that these plaintiffs are conducting a real pre-filing investigation into actual infringement. Indeed the current Movant, Doe 174.21.238.117 had never even heard of "The Divide" until receiving a copy of the CenturyLink subpoena. One would hope that these plaintiffs are not merely pulling IP addresses out of thin air, but that conclusion is becoming more and more unavoidable with each new case brought. For example, the Court's attention is directed to

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

the recent proceedings before Judge Otis Wright of the Central District of California in which another plaintiff, similarly situation to the instant Plaintiff, has been ordered to show cause why severe sanctions, including incarceration, should not be imposed for alleged fraudulent conduct before that court.[1]

## I.   STANDING TO OPPOSE THE CENTURYLINK SUBPOENA

A party asserting a personal right in the information sought from a subpoenaed non-party has standing to challenge the subpoena on other grounds. See *State Nat. Ins. Co. v. County of Camden*, 2010 WL 2719810, at *3 (D.N.J. 2010); *DIRECTV, Inc. v. Richards*, No. 03-5606-GEB, 2005 WL 1514187, at *1-3 (D.N.J. June 27, 2005) (finding defendant's claim of privilege sufficient to confer standing to challenge non-party subpoena based on improper service, undue burden, irrelevance, and privilege); *QC Holdings, Inc. v. Diedrich*, No. 01-2338-KHV, 2002 WL 324281, *1 (D. Kan. Feb. 21, 2002) (non-subpoenaed party claiming privilege had standing to assert undue burden); c.f. *Millennium TGA, Inc. v. Comcast Cable Comm. LLC*, --- F. Supp. 2d ---, 2012 WL 2371426, at *6 (D.D.C. June 25, 2012) (denying motion to compel because subpoena was unduly burdensome for non-subpoenaed party to assert privacy rights in the subpoenaed information)(Case No. 1:12-mc-00150 "*Millennium III*"); see also 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2459 (3d ed.).

The CenturyLink subpoena seeks the personally-identifiable information for

---

1   See *Ingenuity 13 v. John Doe*, Civil Case 2:12-cv-8333 (CACD 02/07/13)

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

several CenturyLink subscribers accused of illegally downloading copyrighted material (the "CenturyLink accused subscribers"). Doe 174.21.238.117 is one of the CenturyLink accused subscribers. Accordingly, Doe 174.21.238.117 has standing to challenge the sufficiency of the CenturyLink subpoena.

## II.     MOTION TO QUASH THE SUBPOENA

### A.     Legal Standard For Quashing Subpoena

The Court may quash a subpoena if the discovery sought is 'obtainable from some other source that is more convenient, less burdensome, or less expensive.' Fed. R. Civ. P. 26(b)(2)(C)(i). "Just as it is improper under Rule 45 to subject non-parties to undue expense, it is also improper to subject non-parties to the undue inconvenience of litigating in a distant forum." *Millennium TGA III*, 2012 WL 2371426, at \*3. In addition, unless the purpose of a discovery request is to gather information for use in the pending suit, discovery properly is denied. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978).

### B.     R&D FILM's Subpoena Imposes An Undue Burden

The burden and inconvenience of the subpoena on CenturyLink and its accused subscribers, including Doe 174.21.238.117, is significant and justifies quashing the subpoena. R&D FILM had a duty to "take reasonable steps to avoid imposing undue burden or expense on [the] person[s] subject to the subpoena." Fed. R. Civ. P. 45(c)(1). R&D FILM has failed in that duty.

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

R&D FILM has issued subpoenas out of the Western District of Washington despite the fact that CenturyLink is not headquartered here. Forcing CenturyLink and all the various accused subscribers to come to this Court to litigate the validity of the CenturyLink subpoena imposes an undue burden, and justifies quashing the subpoena. As Judge Wilkins previously ruled in the District Court for the District of Columbia, "[e]ngaging in 'one stop shopping' in the District of Columbia for the personal identifying information for all. . . subscribers may be convenient, for whatever reason, to the Plaintiff," but "this approach hardly demonstrates compliance with the Plaintiff's affirmative duty pursuant to Rule 45 to take 'reasonable steps' to avoid undue burden and territorial inconvenience to the … subscribers residing outside the District of Columbia." *Millennium TGA III*, 2012 WL 2371426, at *5.

The impact on the accused subscribers is substantial. Plaintiff has made no attempt to establish that any of the subscribers resides in this District, yet all of those subscribers would have to file and litigate any objections here. Judge Wilkins pointed out that "[e]xperience has shown that many of the subscribers are laypersons without legal background, and that most will not have counsel and will therefore appear in *propria persona*." *Millennium TGA III*, 2012 WL 2371426, at *5. On that basis, Judge Wilkins concluded that "it is very important that these subscribers are not subject to litigating in an arbitrarily-selected forum that is hundreds, or even thousands, of miles away from their residences." *Id*. Thus, forcing all of the accused subscribers to come to this District

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

to litigate the validity of the CenturyLink subpoena is unnecessarily burdensome and warrants quashing the subpoena.

## C.     Joinder of the Doe Defendants Is Improper

The subpoena should also be quashed because its enforcement would result in the improper disclosure of the personal information for numerous individuals whose information should not be disclosed. Rule 20 governs the permissive joinder of parties and provides that defendants may be joined in one action where a plaintiff states a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) & (B).

The Complaint filed in the underlying action relies on a so-called "bittorrent swarm joinder" theory invented by R&D FILM and other such copyright plaintiffs, and used in numerous cases to justify seeking discovery of unnamed Does in one action. Generally stated, R&D FILM alleges that every owner of an IP address that participates in a "bittorrent swarm" is acting in concert to violate R&D FILM's copyright. Although that theory may have some merit in the abstract, in this particular matter it is demonstrably meritless.

### 1.     The Time Disparity

R&D FILM attached an exhibit to its complaint that identifies the IP addresses for the accused subscribers. See Dkt 1-1. The IP address listing further includes a time stamp

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

that purportedly indicates at what time the alleged infringement occurred. Dkt 1-1, page 3. A simple review of that exhibit reveals that the allegedly infringing activity occurred on several different days and times over nearly a *month*, which belies the allegation that all of the Doe defendants were part of a single bittorrent swarm.

If all the alleged infringements occurred at different times, then those infringements cannot, logically, be a part of the same "bittorrent swarm." Thus, even assuming, *arguendo*, that one or more of the Doe defendants actually infringed R&D FILM's copyright, the theory that they acted in concert is contradicted by R&D FILM's own evidence. At a minimum, this reality casts substantial doubt as to whether there is any merit to R&D FILM's joinder theory. See *Patrick Collins, Inc. v. Does 1-23*, No. 11-cv-15231, Order [Dkt. No. 8] at 7 ("The nearly three month time span covering this activity suggests the likely possibility that there was never common activity linking the 23 addresses in this matter."); *K-Beech, Inc. v. Does 1-41*, 2012 WL 773683, at *4 (S.D. Tex. Mar. 8, 2012) ("While [plaintiff] provides the precise date, hour, minute, and second at which it alleges that each Doe Defendant was observed to be sharing the torrent of the copyrighted work, [plaintiff] does not indicate how long each Doe Defendant was in the swarm or if any Doe Defendants were part of the swarm contemporaneously."); *Raw Films, Ltd. v. Does 1-32*, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) (stating that the "differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert").

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

### 2.    Improper Joinder Renders the CenturyLink Subpoena Fatally Flawed

Since joinder of the Doe defendants cannot be satisfied in the underlying action, each of those Doe defendants should be divided out into their own separate actions. In that case, compelling discovery of the alleged co-conspirators in the one current action would be improper. *Raw Films, Ltd. v. Does 1-32*, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (conduct over a three month time span was "insufficient to meet the standards of joinder set forth in Rule 20"). Thus, the CenturyLink subpoena should be quashed for at least this reason.

### III.    ALTERNATIVE MOTION TO STAY SUBPOENA PENDING RESOLUTION OF JOINDER ISSUES

Movant respectfully requests that if the Court is disinclined to quash the CenturyLink subpoena outright, that performance under the subpoena be stayed pending resolution of the joinder issues.

The courts "have the discretion to limit discovery to prevent undue expense to third parties, even if the discovery sought is within the permissible scope of Rule 45 and Rule 26." *Millennium III*, 2012 WL 2371426, at *3. See also Fed. R. Civ. P. 26(c) (court may grant a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense); *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F. 3d 1151, 1163 (10th Cir. 2010) (discovery has "never been a license to engage in an unwieldy, burdensome and speculative fishing expedition.").

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

The underlying action undeniably suffers from many, many procedural hurdles before it could possibly mature into a legitimate legal action. Those numerous hurdles are severe, and R&D FILM has demonstrated a likelihood that it will walk away from the case well before any of those hurdles is even addressed, let alone decided. Accordingly, in the interest of justice, the Court should balance R&D FILM's legitimate need (if any) for discovery against the substantial privacy interests of the wrongly accused. Individuals have an important privacy interest in their personally information. See, e.g., *U.S. Dept. of Defense v. Fed. Labor Relations Auth*., 510 U.S. 487, 501 (1994) (characterizing the privacy interest in a home address as "nontrivial"); *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) ("the privacy interest of an individual in avoiding the unlimited disclosure of his or her name and address is significant"); *O'Kane v. United States Customs Svc*., 169 F.3d 1308, 130910 (11th Cir. 1999) ("individuals have an important privacy interest in their home address"); *Sheet Metal Workers Int'l Ass'n v. U.S. Air Force*, 63 F.3d 994, 997 (10th Cir. 1995) (there is a "substantial privacy interest in personal identifying information, such as names and addresses").

As discussed above, the improper joinder of the individual defendants into the same action violates the rules governing permissive joinder. The several courts that have dealt with these joinder issues are almost uniformly adopting the position that joinder is

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

improper.[2] For instance, one court has observed: "Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross." *Pacific Century Int'l, Ltd. v. Does 1-101*, 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011).

This case is no different. There will no doubt be numerous challenges to joinder in this action. The Court will be forced to resolve those issues, and is likely to rule the same way many other courts already have. Accordingly, in the interest of fairness and balancing the equities, R&D FILM performance under the CenturyLink supboena (and other subpoenas issued pursuant to this Court's order granting early discovery) should be stayed until these likely-fatal issues are resolved.

More specifically, R&D Film should be asked to make some manner of showing that, in fact, the numerous accused Does in this action were involved in the same bittorent swarm. As noted above, the various accused Does are alleged to have participated in one "swarm" even though almost none are even alleged to have been downloading the Video at the same time. Simple common sense suggests that such an allegation lacks merit as two parties cannot be cooperating in one and the same action at different times. Unless R&D Film can come forward with some facts or rational explanation for that

---

2   See, e.g. *Sunlust Pictures, LLC v. Does 1-120*, No. 1:12-cv-20920-PAS (S.D. Fla. July 24, 2012); *Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS (S.D. Fla. July 19, 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672 (S.D. Fla. 2011); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.D.R. 669 (S.D. Fla. 2011); *Malibu Media, LLC v. Does 1-54*, No. 1:12cv- 1407-WJM-MEH (D. Colo. July 25, 2012); *In re: BitTorrent Adult Film Copyright Infringement Cases*, No. 2:11-cv-3995-DRH-GRB, 2012 WL 1570765 (E.D.N.Y. May 1, 2012); *Third Degree Films v. Does 1-3577*, No. C11-02768 LB, slip op., 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011).

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

incontinuity, then joinder can only be improper and the several defendants should be severed. For at least that additional reason, Doe 174.21.238.117 respectfully requests that if the CenturyLink subpoena is not quashed, that it at least be stayed pending some factual showing by R&D FILM regarding the joinder issue.

## IV.    CONCLUSION

This case is an obvious instance where R&D FILM is gaming the system to avoid any real litigation exposure itself while subjecting *hundreds* of accused subscribers to "annoyance, embarrassment, oppression, [and] undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such conduct should be neither endorsed nor tolerated. For all the foregoing reasons, Doe 174.21.238.117 respectfully requests that this Court quash the CenturyLink subpoena.

Dated: March 29, 2013                    Respectfully submitted,

  /s/ *John Whitaker*
John Whitaker
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
p: (206) 436-8500
f: (206) 694-2203
e: *john@wlawgrp.com*

Attorney for Doe 174.21.238.117

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

## CERTIFICATE OF SERVICE

The undersigned attests that the foregoing document has been served on all parties of record via the Court's ECF service system on the date indicated below.

DATED: March 29, 2013                    */s/ John Whitaker*
                                         John Whitaker

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500